IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

COURTNEY COBBS,

                        Petitioner,                              ORDER

       v.                                        08-cv-704-bbc

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                        Respondent.

---

      Courtney Cobbs, an inmate at the Green Bay Correctional Institution in Green Bay, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Petitioner was convicted in May 2006 in the Circuit Court for Marathon County of possession with intent to deliver cocaine as a party to a crime. He alleges that he is in custody in violation of his constitutional rights under the Fourth Amendment because 1) the police stopped his vehicle without either probable cause or reasonable suspicion and were motivated by race and in doing so 2) the subsequent search of the vehicle was unreasonable. Although it appears that petitioner has exhausted his state court remedies and filed his

petition within the one-year limitations period, he may not obtain federal relief on either of his claims.

To be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without reviewing the record at all, if it determines that the petition "raises a legal theory that is indisputably without merit." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

The petition fails to state a valid claim for habeas relief. In Stone v. Powell, 428 U.S. 465, 493-95 (1976), the Supreme Court reasoned that because the exclusionary rule is a social device for deterring official wrongdoing, not a personal right of defendants, a person imprisoned following a trial that relies in part on unlawfully obtained evidence is not *in custody* in violation of the Constitution even though the evidence might have been obtained unlawfully. Thus, federal courts will not consider Fourth Amendment claims on habeas corpus review in cases in which the state has provided the petitioner with "an opportunity for full and fair litigation" of the Fourth Amendment claim. Id. In his federal habeas petition, petitioner has not alleged that he was deprived of the opportunity to present his Fourth Amendment claim to the state courts or that the state courts did not adjudicate his

2

claim in an unbiased manner.  At most, petitioner contends that the state courts erred in denying his suppression motion.  Accordingly, petitioner's claims will be dismissed.


ORDER

IT IS ORDERED that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition of Courtney Cobbs for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

Entered this 24th day of December, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

3