IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COURTNEY COBBS,

                                             OPINION and ORDER

              Petitioner,

                                                08-cv-704-bbc

    v.

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

             Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Courtney Cobbs, an inmate at the Green Bay Correctional Institution in Green Bay, Wisconsin, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, petitioner contended that a traffic stop and subsequent search of his vehicle were unreasonable and in violation of the Fourth and Fourteenth Amendments. On December 24, 2008, I dismissed the petition, finding that the claims were barred by the doctrine set forth in Stone v. Powell, 428 U.S. 465, 493-95 (1976). Petitioner moved for reconsideration, alleging that the state court did not fully and fairly litigate his Fourth Amendment claims and that this court had overlooked his claim that the stop and search of his car were motivated by race, in violation of the Fourteenth Amendment. I granted

1

petitioner's motion and ordered the state to respond to petitioner's Fourth and Fourteenth Amendment claims.

Now before the court is the state's motion to dismiss the petition. The motion will be granted. The records from the state court proceedings show that petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court and therefore habeas relief is not available under Stone. Further, because petitioner's equal protection claim is intertwined with his Fourth Amendment claim, it too is barred.

The following facts are drawn from records from the state court proceedings attached to the state's motion.

## FACTS

Petitioner was charged in 2003 in the Circuit Court for Marathon County of possession of cocaine with intent to deliver, as party to the crime, along with various other crimes. The charges arose from a traffic stop and subsequent search of petitioner's car, in which drugs and a gun were discovered.

On November 16, 2004, the Honorable Dorothy Bain, Marathon County Circuit Judge, held a hearing on petitioner's motion to suppress evidence. Petitioner was represented by his lawyer, James B. Connell. Police officer Ronald Dallman testified that while on patrol on the night of September 2, 2003, he and his partner saw three black men

and one white man standing near two vehicles outside a Mobil station. Dallman said the officers became suspicious after noting that all of the men appeared very nervous and showed an overt interest in the squad car as the officers drove by. The officers found an observation point behind a nearby business and used binoculars to observe the men. They saw the men pass a bag from one vehicle to another but no other suspicious activity. According to Dallman, they watched the four men for about thirty minutes until the men left the area in two vehicles, which the officers followed. When a lit cigarette came flying out of the driver's side window of the sport utility vehicle in which petitioner was riding, the officers stopped the vehicle for a littering violation.

      Dallman testified that he and his partner, Officer Foemmel, approached the vehicle. Dallman noticed a gun case and some loose ammunition in the vehicle's cargo compartment and a half-consumed bottle of alcohol on the back seat. Upon making contact with the occupants, Dallman smelled tobacco and marijuana coming from the car. Petitioner, who was driving, and the passenger were smoking cigarettes. After asking the two occupants to exit the car and while waiting for a canine unit to arrive, the officers conducted a rough search of the vehicle, during which they found the alcohol and a sawed-off shotgun. Petitioner and the passenger were taken into custody and arrested for possession of the illegal weapon. A subsequent search performed with the help of the canine unit located two

pounds of marijuana and a golf-ball sized quantity of cocaine. Dallman's partner, Foemmel, offered similar testimony.

Petitioner's lawyer cross-examined the officers thoroughly about the reasons they first turned their attention to the four men at the Mobil station and the reason for the traffic stop. Counsel attempted to elicit testimony to show that the officers had targeted the men because they were black and to undermine the credibility of their testimony that they stopped the vehicle because of a littering violation. In particular, he established that the ashtray in the vehicle was full of burned out cigarette butts, that petitioner and his passenger were both holding lit cigarettes and that the traffic stop had occurred very quickly after the officers had observed the lit cigarette come flying out of the vehicle.

After the close of testimony, the court heard brief oral arguments from the parties and received written arguments, before denying the motion. The court said that it found the officers credible when they testified that they saw a cigarette of some sort being tossed from the vehicle in which petitioner was traveling. The court rejected petitioner's contention that the police had engaged in racial profiling, finding that the suspicious actions of the men at the mini-mart justified the officers' interest in following the vehicles. Once the officers observed the littering violation, they had probable cause to stop the car. Tr. of Oral Dec. on Suppression Motion, dkt. #14, exh. 2, pp. 33-34. The court also found that the officers had probable cause to search the car after noting the smell of marijuana coming from the vehicle,

4

particularly when combined with the earlier observations of the men acting nervous at the Mobil station.  Id. at 35-36.

Petitioner appealed his conviction to the Wisconsin Court of Appeals, arguing that both the stop and the subsequent search of the vehicle violated the Fourth Amendment.  The court of appeals rejected petitioner's arguments, affirming the circuit court's finding that race was not a motivating factor for following and stopping the vehicle, that a violation of the littering statute justified the stop and that the search of the vehicle was lawful.  State v. Cobbs, Nos. 2007AP380 and 440 (Ct. App. Jan. 15, 2008) (unpublished opinion), dkt. #14, exh.3.  The Wisconsin Supreme Court denied petitioner's petition for review.

## OPINION

To be entitled to federal habeas relief, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In Stone v. Powell, 428 U.S. 465, 493-95 (1976), the Supreme Court reasoned that because the exclusionary rule is a social device for deterring official wrongdoing, not a personal right of defendants, a person imprisoned following a trial that relies in part on unlawfully seized evidence is not *in custody* in violation of the Constitution even though the seizure might have been unlawful.  Thus, federal courts will not consider Fourth Amendment claims on habeas corpus review in cases where the state has provided the petitioner with "an

opportunity for full and fair litigation" of the Fourth Amendment claim. Id. A defendant receives a full and fair opportunity to litigate if

> (1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts.

Hampton v. Wyant, 296 F.3d 560, 563 (7th Cir. 2002).

Under these criteria, "full and fair" means the right to *present* the Fourth Amendment claim. So long as the state court gives a claim adequate and unbiased consideration, it is irrelevant whether the court ultimately reaches the correct decision. Cabrera v. Hinsley, 324 F.3d 527, 531-32 (7th Cir. 2003). Therefore, to establish that his hearing was not full and fair, a petitioner must show that it was a "sham" or the judge was bribed, sleepwalking or in some way subverted the hearing process. Id.

I am satisfied that petitioner cannot overcome the high hurdle imposed by Stone. Petitioner was afforded a hearing on his suppression motion, where he had the opportunity to cross-examine the officers about their reasons for stopping and searching his vehicle. Petitioner's lawyer took full advantage of this opportunity and conducted a thorough, probing examination. In addition, he accepted the court's offer to submit a post-hearing brief. Both the trial and appellate courts issued well reasoned decisions and applied the proper constitutional standards. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001)

(motorist legally may be stopped and arrested for failing to wear seatbelt); Michigan v. Long, 463 U.S. 1032, 1049 (1983) (officer may search vehicle's passenger compartment when officer has reasonable suspicion that individual is dangerous and might access vehicle to gain immediate control of weapons); Arizona v. Gant, 129 S.Ct. 1710, 1719 (2009) (police may search car incident to lawful arrest when "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle'" (quoting Thornton v.United States, 541 U.S. 615, 632 (2004), Scalia, J., concurring)).

Petitioner focuses on what he perceives to be inconsistencies in the testimony adduced at the hearing. To give just one example, he argues that the state court should not have found reasonable suspicion for the stop based on the lit cigarette that was thrown out of the window because both he and his passenger were smoking cigarettes when they were stopped. However, this evidence was before the state court at the suppression hearing and the court concluded that it was insufficient to show that the officers lacked reasonable suspicion for the stop. Further, even if petitioner could convince this court that the state courts reached the wrong result, he still would not meet his burden under Stone. The fact that he received a fair hearing and a reasoned decision on his motion means that he is barred from pursuing his claims in a petition for a writ of habeas corpus in this court, regardless whether the facts support an alternate theory or whether the state courts reached an incorrect decision.

Petitioner contends that the traffic stop violated his Fourteenth Amendment equal protection rights because it was racially motivated. Petitioner does not seek civil damages as a remedy for the alleged racial profiling; what he wants is suppression of the evidence found in his vehicle. Indeed, petitioner agrees that his claim that he was subject to racial profiling was a central part of the Fourth Amendment claim that he raised in state court. Therefore, it is also barred by <u>Stone</u> because he had an adequate opportunity to raise it in the state courts, both at his suppression hearing and on appeal.

ORDER

IT IS ORDERED that respondent William Pollard's motion to dismiss petitioner Courtney Cobb's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is GRANTED. Courtney Cobbs's petition for a writ of habeas corpus is DISMISSED with prejudice.

Entered this 5th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8