IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COURTNEY COBBS,

                                                                               ORDER

                    Petitioner,

                                                         08-cv-704-bbc

    v.

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Courtney Cobbs has filed a motion pursuant to Fed. R. Civ. P. 59(e) asking this court to alter or amend the judgment entered June 5, 2009, which dismissed the petitioner's habeas corpus petition with prejudice. Petitioner continues to argue that he did not get a fair and full opportunity to litigate his Fourth Amendment claim in state court.

      Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007). Petitioner has not submitted newly discovered evidence. Moreover, his argument that he did not receive a full and fair hearing

1

in the state court is not a new argument. Nor has he shown that I made a manifest error of law.

As I explained in my previous order, "full and fair" means the right to *present* the Fourth Amendment claim. So long as the state court gives a claim adequate and unbiased consideration, it is irrelevant whether the court ultimately reaches the correct decision. Cabrera v. Hinsley, 324 F.3d 527, 531-32 (7th Cir. 2003). Therefore, to establish that his hearing was not full and fair, a petitioner must show that it was a "sham" or the judge was bribed, sleepwalking or in some way subverted the hearing process. Id. Petitioner did not show that his hearing was not full and fair. Because he received a fair hearing and a reasoned decision on his motion, he is barred from pursuing his claims in a petition for a writ of habeas corpus in this court, regardless whether the facts support an alternate theory or whether the state courts reached an incorrect decision. Stone v. Powell, 428 U.S. 465, 493-95 (1976). Therefore, I will deny petitioner's motion to alter or amend the judgment dismissing his petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that the motion of petitioner Courtney Cobbs to alter or amend the

2

judgment entered June 5, 2009 is DENIED.

Entered this 25th day of June, 2009.

                                BY THE COURT:

                                /s/

                                _____
                                BARBARA B. CRABB
                                District Judge