IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COURTNEY COBBS,

                         Petitioner,                           ORDER

        v.                                               08-cv-704-bbc

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                         Respondent.

---

Before the court are Courtney Cobbs's request for leave to proceed in forma pauperis on appeal and his request for a certificate of appealability from this court's judgment entered June 5, 2009 denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  I denied petitioner's motion to alter or amend the judgment on June 26, 2009.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id.; see also 28 U.S.C. § 2253(c)(2).  In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner seeks a certificate of appealability with respect to the two claims he raised in his habeas petition:  1) the state court violated his rights under the Fourth Amendment when it did not fully and fairly litigate his Fourth Amendment claims and 2) petitioner's Fourteenth equal protection tights were violated because the stop of his vehicle and subsequent search were motivated by race.  I found that, because  the records from the state court proceedings showed that petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court, he was not entitled to habeas relief under Stone v. Powell, 428 U.S. 465, 493-95 (1976).  I also found that petitioner's equal protection claim was barred because petitioner agreed that it was a central part of the Fourth Amendment claim he raised in state court.

Having reviewed my decision, I am convinced that petitioner has not made a substantial showing of the denial of a constitutional right with respect to either of his claims. Accordingly, petitioner's request for a certificate of appealability will be denied.

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal.  In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith.  28 U.S.C. § 1915(a)(3).  To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit.  Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000).  Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it.  As I have explained to petitioner twice, "full and

2

fair" means the right to *present* the Fourth Amendment claim.  So long as the state court gives a claim adequate and unbiased consideration, it is irrelevant whether the court ultimately reaches the correct decision.  Cabrera v. Hinsley, 324 F.3d 527, 531-32 (7th Cir. 2003). Therefore, to establish that his hearing was not full and fair, a petitioner must have shown that it was a "sham" or the judge was bribed, sleepwalking or in some way subverted the hearing process.  Id.  He failed to make this showing.  Because he received a fair hearing and a reasoned decision on his motion, he is barred from pursuing his claims in a petition for a writ of habeas corpus in this court, regardless whether the facts support an alternate theory or whether the state courts reached an incorrect decision.  Stone, 428 U.S. at 493-95.  In light of this, no reasonable person could suppose petitioner's appeal has any merit.

Because I have found that petitioner's appeal is not taken in good faith, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.


ORDER

IT IS ORDERED that:

1.      Petitioner's request for a certificate of appealability is DENIED.  Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2.      Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith.  If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 17th day of July, 2009.

BY THE COURT:

Barbara B. Crabb

_____
BARBARA B. CRABB
District Judge

4